THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| M.B., V.C., and MATT B., <br><br> **Plaintiffs,** <br><br> v. <br><br> MEDTRONIC, INC., a Delaware corporation; MEDTRONIC USA, INC., a Minnesota corporation; and INTEGRA LIFESCIENCES CORPORATION, a Delaware corporation, <br><br> **Defendants.** | **MEMORANDUM DECISION AND ORDER** <br><br><br> **Case No. 2:26-cv-00332-HCN-JCB** <br><br><br><br> **District Judge Howard C. Nielson, Jr.** <br><br> **Magistrate Judge Jared C. Bennett** |

## INTRODUCTION[1]

Plaintiffs M.B., V.C., and Matt B. (collectively, "Plaintiffs") filed their complaint in this case in Utah Third District Court.[2] Defendants Medtronic, Inc., Medtronic USA, Inc., and Integra LifeSciences Corporation (collectively, "Defendants") subsequently removed the case to this court.[3] According to the complaint, M.B. was born with spina bifida and was a minor when the events underlying this case occurred.[4] Plaintiffs allege that when M.B. was sixteen years old, M.B. underwent spinal cord detethering surgery, during which the surgeon used a device

---

[1] District Judge Howard C. Nielson, Jr. referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(A). ECF No. 6.

[2] ECF No. 1-1 at 2-18 of 38.

[3] ECF No. 1.

[4] ECF No. 1-1 at 3-4 of 38.

manufactured and distributed by Defendants.[5] Plaintiffs allege that M.B. suffered serious medical complications as a result of the surgery.[6]

Plaintiffs contend that the record in this case will include extensive records detailing M.B.'s health history, surgical history, and medical treatment from the time M.B. was a minor, as well as records relating to M.B.'s ongoing medical care.[7] Consequently, and although Plaintiffs' complaint contains V.C.'s and Matt B.'s full names, Plaintiffs move to proceed under pseudonyms pursuant to DUCivR 10-2(a) and to either redact V.C.'s and Matt B.'s full names from all prior filings or seal all prior filings.[8] Defendants do not oppose Plaintiffs' motion.[9]

**ANALYSIS**

For the reasons explained below, the court grants Plaintiffs' requests to (I) proceed under pseudonyms and (II) seal prior filings. Each request is addressed in turn.

**I.    The Court Grants Plaintiffs' Request to Proceed Under Pseudonyms.**

The court grants Plaintiffs' request to proceed under pseudonyms because this case implicates "exceptional circumstances" the United States Court of Appeals for the Tenth Circuit and Fed. R. Civ. P. 5.2 recognize as warranting anonymity. Under Fed. R. Civ. P. 10, "[t]he title of the complaint must name all the parties."[10] With respect to minors, however, Fed. R. Civ. P.

---

[5] *Id*. at 4 of 38.

[6] *Id*. at 5-11 of 38.

[7] ECF No. 14 at 3, 5.

[8] ECF No. 14.

[9] ECF No. 19.

[10] Fed. R. Civ. P. 10(a); *see also* Fed. R. Civ. P. 17(a).

5.2 provides that they must be named by initials unless the court orders otherwise.[11] No provision in the Federal Rules of Civil Procedure permits "suits by persons using fictitious names" or "anonymous plaintiffs."[12] However, "exceptional circumstances" may warrant "some form of anonymity in judicial proceedings."[13] Exceptional circumstances include those cases "involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity."[14] In deciding whether to preserve anonymity, the court weighs any exceptional circumstances against the public's interest in access to legal proceedings.[15] Courts enjoy "discretion [in] allow[ing] a plaintiff to proceed using a pseudonym."[16] If a court grants permission for plaintiffs to proceed using pseudonyms, "it is often with the requirement that the real names of the plaintiffs be disclosed to the defense and the court but kept under seal thereafter."[17] When no permission is granted, "the federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them."[18]

---

[11] Fed. R. Civ. P. 5.2(a)(3).

[12] *Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989).

[13] *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000).

[14] *Id.* (citation modified).

[15] *Id.*

[16] *U.S. Dep't of Just. v. Utah Dep't of Com.*, No. 2:16-cv-00611-DN-DBP, 2017 WL 963203, at *1 (D. Utah Mar. 10, 2007) (citing *Lindsey v. Dayton-Hudson Corp.*, 592 F.2d 1118, 1125 (10th Cir. 1979)).

[17] *W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001).

[18] *Id.* (citation modified).

Several reasons weigh in favor of protecting Plaintiffs' identities in this case. The court takes each in turn. First, a substantial portion of the record in this case will consist of records detailing M.B.'s health history, surgical history, and medical treatment from the time M.B. was a minor. Rule 5.2(a)(3) requires litigants to protect the identity of a minor by using, at a minimum, only the minor's initials when filing pleadings. Accordingly, Plaintiffs filed the complaint in this case using M.B.'s initials to protect M.B.'s identity. Even if M.B. is no longer a minor, courts recognize the appropriateness of preventing the names of minors from being disclosed past the date they reach majority, particularly when they were minors at the time the underlying events occurred.[19] Although M.B.'s parents and natural guardians, V.C. and Matt B., were not minors at any relevant time, disclosing their full names would effectively lead to disclosing information that Rule 5.2(a)(3) requires to be protected.[20]

Second, a substantial portion of the record in this case will be comprised of M.B.'s protected health information and records relating to M.B.'s medical treatment. Even absent any discussion of M.B.'s age, those records are protected from public disclosure by HIPAA.[21]

---

[19] *See, e.g.*, *N.E. v. Blue Cross Blue Shield of N.C.*, No. 1:21CV684, 2023 WL 2696834, at *15 (M.D.N.C. Feb. 24, 2023) (providing that "although [the plaintiff] is no longer a minor, [he] was a minor when the facts underlying this case occurred, which also weighs in favor of protecting his identity and by extension, [his parent's] identity"); *Doe v. USD No. 237*, No. 16-cv-2801-JWL-TJJ, 2017 WL 3839416, *11 (D. Kan. Sept. 1, 2017) (concluding that "[t]he fact that Doe was a minor at all times material to the allegations of the complaint is at the forefront of the [c]ourt's analysis" when considering whether Doe should be allowed to proceed anonymously).

[20] *See, e.g.*, *S.E.S. v. Galena Unified Sch. Dist. No. 499*, No. 18-2042-DDC-GEB, 2018 WL 3389878, at *2 (D. Kan. July 12, 2018) (concluding that although adult parents do not enjoy a heightened privacy interest themselves, a child "and his parents share common privacy interests based on their inseparable relationship to one another" and that "[o]rdering disclosure of the parent[s'] identities" would effectively reveal the child's identity and "place—in effect—personally identifiable and confidential information about the . . . minor in the public record").

[21] 42 U.S.C. § 1320d *et seq.*

Moreover, highly sensitive and personal medical issues M.B. experienced constitute an "exceptional circumstance" that weighs against the disclosure of Plaintiffs' identities.

Finally, because Plaintiffs' identities are known to Defendants, allowing Plaintiffs to proceed under pseudonyms does not prejudice Defendants. In sum, the public interest in access to Plaintiffs' identities appears relatively limited compared to the interest in protecting Plaintiffs' identities and matters of a highly sensitive and personal nature. Therefore, the court grants Plaintiffs' request to proceed under pseudonyms.[22]

## II.     The Court Grants Plaintiffs' Request to Seal Prior Filings.

Plaintiffs request that the court either redact V.C.'s and Matt B.'s full names from all prior filings or seal all prior filings. Because the court is unable to redact previously filed documents, the court, for good cause shown, grants Plaintiffs' alternative request to seal all prior filings.

### ORDER

For the reasons stated above, the court HEREBY ORDERS:

1.     Plaintiffs' motion to proceed under pseudonyms and to redact or seal prior filings[23] is GRANTED.

2.     Plaintiffs are permitted to proceed under pseudonyms.

3.     The Clerk of Court shall seal all prior filings in this case.

---

[22] Plaintiffs have already filed under seal with the court a Notice of Intention to Proceed Under a Pseudonym – Full Names containing their full names, as required by DUCivR 10-2(a)(1)(B) and Tenth Circuit precedent. *W.N.J.*, 257 F.3d at 1172 ("If a court grants permission [to proceed under pseudonyms], it is often with the requirement that the real names of the plaintiffs be disclosed to the defense and the court but kept under seal thereafter.").

[23] ECF No. 14.

4.       The Clerk of Court shall update Plaintiffs' names in the docket sheet in

accordance with the caption of this Memorandum Decision and Order.

IT IS SO ORDERED.

DATED this 27th day of May 2026.

BY THE COURT:

_____
JARED C. BENNETT
United States Magistrate Judge